■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH KIRKLAND, Appellant.— Appeal from judgment of the Supreme Court, Kings County, rendered December 8, 1967, dismissed. The judgment was vacated on September 13, 1968 and defendant was resentenced to a term of imprisonment of one year in the New York City Penitentiary. Beldock, P. J., Christ, Brennan, Rabin and Benjamin, JJ., concur.

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER WARE, Appellant.— Upon reargument (see original decision: *People* v. *Ware,* 29 A D 2d 557), amended judgment of the Supreme Court, Kings County, rendered September 9, 1966, affirmed. No opinion. Beldock, P. J., Christ, Brennan, Rabin and Benjamin, JJ., concur.

## (November 15, 1968)

■    ARTHUR L. BOWMAN et al., Respondents, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants.— Order of the Supreme Court, Kings County, dated September 25, 1968, reversed, on the law, without costs, and petition dismissed. No questions of fact were considered on this appeal. Petitioners, who are parents in the community of the Ocean Hill-Brownsville Demonstration School Project, petitioned the court below for an order restraining the Board of Education from granting powers to the local board of the Project, restraining the local board from exercising any control over the operations of the public schools in the Ocean Hill-Brownsville area, and directing that an immediate election of a new local board, impartially conducted by the Honest Ballot Association, be held. The grounds primarily alleged are that (1) the election of August, 1967, was improperly held; (2) the people of the community were not fully apprised of the pending election and were not fully afforded an opportunity to participate therein; (3) the board was elected by a select few who were specifically canvassed by those persons who are presently serving on the board; and (4) as presently constituted the local board is not representative of the people in the community and not in keeping with the design of the statute to assure maximum local involvement in education. In our opinion, absent proof that petitioners have exhausted their remedies before the administrative body having jurisdiction over the grievances set forth, to wit: the Board of Education of the City of New York, and absent a record before us and a determination by that board which could have been precipitated by proper petition predicated on the grounds stated, and which, according to the petition, was concededly not done, there was no basis for invoking judicial review by the court below or by this court. Beldock, P. J., Christ, Rabin, Benjamin and Martuscello, JJ., concur.